Good morning, your honors. May it please the court, my name is Kelly Reynolds. I'm appearing on behalf of the petitioner Khaled Malfouz. I will do my best to reserve two minutes for rebuttal. What the board did in this case is that it made two far-reaching assumptions based on the documents in the record. First, it looked at the documents in the record and it saw the superseding indictment and the fact of conviction, and it made the assumption that the petitioner admitted to all of the overt acts alleged in the superseding indictment in support of the charge of conspiracy under 18 U.S.C. section 371, and it assumed the petitioner admitted to all of those overt acts. Let me ask you a couple of questions about that. I had two. You made that argument in your briefs. And when I looked at that, the plea agreement or the indictment, the judgment says that he pled guilty to count two. And then when you look at count two, it's written just as it's written, which includes all of the overt acts, which includes dollar figures. So if he pleads guilty to count two and doesn't eliminate any of the writing that's included in count two, why wasn't that a correct determination by the court that he had pled guilty to count two and everything in it? Well, Your Honor, the elimination of all of the overt acts would not have occurred in the documents that were submitted by the government in support of this conviction. The elimination of any or all of the overt acts would have occurred in the plea agreement, or at least I don't necessarily think it's not necessary for Mr. Mofus to have eliminated any of those acts. What was necessary for a conviction under this guilty plea was for Mr. Mofus to admit just one or at least a couple of those overt acts. Right. But he says he pled guilty to count two. And that doesn't seem to exclude anything that's written down in count two. Now, I've seen other plea agreements or other judgments where it says he pleads guilty to a violation of site statute. And then we have a problem in determining which part of the statute that he has pled guilty to. But here it just says count two, and then count two is written out for us. Well, but there's no – the court cannot assume that in pleading guilty to conspiracy, which is listed under count two, that he admitted all of the overt acts. And oftentimes, as Your Honor has stated, you will see somebody pleading guilty to count two or count three or count four, and you will see in the plea agreement an admission to just some of the overt acts that were originally alleged in the complaint. So all that was needed for the court to accept this guilty plea, for the district court to accept this guilty plea, was that he admit in the plea agreement to some of the overt acts that were listed. He didn't state that he admitted to – there's nothing in the judgment that states that he admitted to all of the overt acts listed in count two. Other than that, he said that. But even assuming that he mentally intended only to admit to one overt act, once he's found guilty of conspiracy, why isn't it fair to say he's responsible for all of the overt acts under the conspiracy theory? Well, the first thing I would say in response to your question is that I don't think there's any document in the record that says that he admitted to count two. It says he pled guilty to count two, isn't that? Well, count two is conspiracy. Right. And then that lists all of the different acts. Isn't that right? It does under – it does in the superseding indictment, but it doesn't require that. It doesn't require that for a finding of guilt under the plea agreement. Now, the second part of your question is – I'm sorry, could you repeat the second part of your question? I was trying to parse them. So the question is his responsibility for all of the overt acts. Once he's pled guilty to conspiracy, then he's charged with responsibility for all of the acts and perjurance of the conspiracy. So I wasn't sure why it made a difference whether it was specifically included or not. Because there is no – there was no finding that all of the – there's no finding in the documents that were submitted by the government that all of the overt acts were true or committed. There's no finding in the judgment of conviction. All we have is the superseding indictment and the judgment. We have an old indictment, but I don't think that has any bearing on this matter. So all you have is the superseding indictment and the judgment, but there's no finding on the judgment by the court that all of the overt acts that were alleged in count two were admitted or committed by the defender – or, I'm sorry, the petitioner in this matter or his co-defendant. So is your theory that unless a plea agreement stipulates – so you can't just rely on the restitution order, which they did in Nijiwana. That was one of the things they said you could rely on was a restitution order. Unless there's a specific finding by the court as to each of the acts was committed by that individual, that it wouldn't be sufficient evidence to charge him with the loss to the victims? Is that your theory? No, Your Honor. My theory is – and Nijiwana is very distinguishable from this case. Number one, in Nijiwana you had a stipulation, or at least – I can't remember exactly, but it is addressed in my supplemental brief. You had either a finding of the court or a stipulation that the loss to the victim exceeded – was an amount that exceeded $10,000. That was specific, and there is no finding in this case. Number two, on the facts of this case, the petitioner pled guilty to four counts, and one of those was conspiracy. The petitioner – and what the board did in this case was said, well, all of that restitution was as a result of the conspiracy charge. When it didn't even look to the other three counts – or you can't make the assumption, or the board can't make the assumption, and I'm asking this court to find this. The court can't make the assumption that all of those losses listed in the restitution order, or all of that money listed as restitution, is for the one count upon which the government relied, because this court – even in Nijiwana, the court said, and even in Babaisakoffa, the board said, restitution must be tied to the count of conviction, or in this case, the count that the government relied upon. The government only relied upon the conspiracy charge. Well, let's assume that what you say is true, and we have no stipulation. Are you suggesting that we should remand for a further evidentiary hearing to tie in your client with the overt acts? Well, number one – there are a couple of reasons why I don't think that this case requires remand. Number one, the government's not asking for it. The government is asking this court to look at the documents that it's already submitted and say these are sufficient. Number two, you're asking me if we should remand for an evidentiary hearing. I don't think that Nijiwana – I don't think under Nijiwana you can actually have an evidentiary hearing. What Nijiwana did was it said you can look at some sentencing-related documents. In this case, it would probably be a pre-sentence report or something like that. So remand for an evidentiary hearing would actually invite relitigation of this claim, which Nijiwana specifically said that that was not what they were – the Supreme Court said that's not what they were intending to do. Didn't we do that in Kawashima, though? We remanded Mrs. Kawashima for further determination. Yes, and there are two differences, as I said. Number one, in Kawashima the government was asking for remand. And number two, I've read through all of – I believe there were four opinions in Kawashima. And it appears that the documents that were submitted in support of Mrs. Kawashima's conviction were just the fact of conviction and the indictment. The government was actually asking the court to rely on the sentencing guidelines and saying, hey, we can look at the sentencing guidelines, we can calculate based on the tax – the omitted income, and we can calculate the tax loss. The government here is not saying that. The government here is saying we have these documents that were, by the way, admissible. All of the documents that the government is asking the court to rely on in this case were admissible under the modified categorical. How was this handled in the probation report? I apologize? How was this handled in the probation report? The government did not submit the pre-sentence report or the probation report, and I personally have not seen the probation report. You haven't seen it? No, I have not. It's unfortunately not available online because this is a very old case. This is a 2000 case. And I would submit to the court that this case is much more – Well, you could have asked for it. Certainly. Yeah. Certainly. And unfortunately I do not have that. And there was no – as far as we know, there was no objection to the sum that was in the conspiracy count to which you pled guilty. But that's not the petitioner's burden to prove. The petitioner has a burden – The petitioner doesn't have a burden in this case. The petitioner doesn't have a burden to show that he could tell. Yeah, but, you know, look, bottom line, he pled guilty to a count that had that number. If there's a problem, that's the time he should have tried to straighten it out. But he wasn't required to – but the problem is that the court is asking the petitioner when the burden is on the government, the court is asking – it appears to me that the court is asking the petitioner, switching the burden onto the petitioner to come forward with documents saying that he didn't admit all of these overt acts. And the burden is still on the government to prove by clear and convincing evidence that he is removable as an aggravated felon. And the court cannot rely on the assumption that he admitted all of the overt acts in finding clear and convincing evidence. And I am out of time. Thank you. Thank you. Thank you, Your Honors. Thank you. Good morning, Your Honors. Kylie Kane on behalf of the government. I want to just address some of the issues that Judge Ikuda was asking opposing counsel, and the first of which is regarding the fact that if petitioner did not commit all of the alleged overt acts within count two, he's nonetheless responsible for those acts within the context of the conspiracy. So it doesn't matter, actually, which of those overt acts he personally committed or pled guilty to. So opposing counsel says none of those acts was – or only one of those acts would necessarily have to even be found that it actually occurred. How do you respond to that? I think it's irrelevant because as long as he was found guilty of the conspiracy, then all of those acts are folded into his conviction. And, in fact, we see that because he was jointly and severally liable for the entire restitution amount with his co-defendant, and that's in the judgment. And so we see that he is being held liable for whatever amount, all of that with his co-defendant. So whichever of the particular acts he's now saying he pled guilty to, Well, let me ask. If the restitution amount had been $10,001 instead of $93,000, would that change your view? Yes, it would. Because Madara Babchikov, however you pronounce it, says that the immigration judge has to have a keen eye to what losses the restitution amount is tied in the counts in the indictment. Now, if you have a close case like that, the immigration judge probably would need to scrutinize a little bit further to see which of those counts are folded into the restitution amount. So in a situation like this where we have a $70,000-plus count-to amount, the immigration judge can feel comfortable saying that the restitution amount, which is $20,000 more and nine times the amount of the statutory requirement, is tied to that count, and it seems reasonable. It's all just evidence folded in. If it were only a restitution amount and there were no judgments showing individual itemized amounts in the indictment and it were $10,001, that's probably not good enough. So Count 4 also has a dollar amount attached to it, I guess. That was the theft of a car. Is there anything else in the indictment that that $90,000 restitution order would have to be spread over, or is that the only other item? You know, that's the ñ in looking at that, because there are not dollar amounts attached to the other counts, that it is my assumption, although just speculation, that it is tied to Count 4 because there's a car involved. But I don't know. We don't know how the restitution amount was calculated based on the documents in the record. But we do know that there's a $70,000 loss in Count 2 if the restitution amount exceeds that amount. So if it were the case that he were only responsible for one of the credit card charges in an amount of something well under the $10,000 limit, like a $30 charge he made at a clothier, then it would be unreasonable to rely on that restitution amount because they wouldn't be linked. If he only was responsible for a $30 loss, if he's got a $93,000 restitution amount, those things don't add up. And that's what Matter of Babcock, as well as Najuan, contemplates, that the immigration judge looks at these things with an eye to whether or not they're tied to the counts that he was convicted of, and in particular Count 2 in this case because that's the only count that renders him an aggravated felon. The other counts do not. And that's why the government's only relying on Count 2. And so putting these things in context, as Najuan contemplates, it's reasonable for the immigration judge and the board in this case to have assumed that the restitution amount was tied to Count 2. And, in fact, even without that restitution amount, there's clear and convincing evidence because the judgment says he pled guilty to Count 2. Now, also, Judge Acuna, to address another one of the questions that you asked where you said, you know, he didn't exclude any of the actions in Count 2. In fact, they're enumerated. So, in other words, it says 2A, 2B, 2C, and it lists out each of those overt acts. And the judgment says he pled guilty to Count 2. It could have said 2A, 2B, 2C. It's enumerated like that, but it doesn't. It says that he pled guilty to Count 2. And I think it's reasonable for the agency to have assumed, in this instance, that Count 2 means all of Count 2, which would be a $70,000-plus actual loss if in a $93,000 restitution. And both of those provide the clear and convincing evidence that the government needed to show he was removable as an aggravated felon in this case. I also wanted to address, with the Court's indulgence, the burden shifting that Petitioner's Counsel brought up. And, actually, I respectfully disagree, because Nijewan does contemplate this burden shifting scheme. And, in fact, it says that the alien has the opportunity, both at the criminal level as well as during his immigration proceedings, to challenge the loss being alleged. And, specifically, I'm looking at... I'm on page 2303-04 of Nijewan, right before the appendices. And the Court says that the alien has the opportunity to present conflicting evidence. And, in Nijewan, it just so happened that the alien presented no evidence conflicting, and that that evidence, then, that the government submitted was clear and convincing. So, in this case, if there really is a plea agreement, and that plea agreement somehow says or limits the overt acts that the Petitioner pled guilty to, there is nothing preventing Petitioner's Counsel from submitting that plea agreement as conflicting evidence of the loss during those immigration hearings. And it's not a re-litigation of the issues, because that's not an element of this crime. It was nothing that was specifically litigated before. And it's a different burden in the civil immigration context. Now we're just looking for clear and convincing evidence instead of beyond a reasonable doubt. We're not at the element stage. But, in Nijewan, the Court seemed to emphasize it was the defendant's own stipulation. And, also, the difference between the husband and the wife, in the Khashoggasha case at any rate, that the stipulation was important. Correct. In those cases, I mean, that provides really clear evidence. Because there you have a mutual, you know, you see the party's intent in those cases because you have a stipulation between the parties as to the actual loss. That's just sort of, you know, slam dunk, if you will. In this case, you have to work a little harder, because you need to align what the guilty counts are in the judgment with the superseding indictment in this case. And so it's not as clear. There is some wiggle room here. But, like Nijewan and like Mr. Kawashima, there's enough evidence in this record to show the actual loss without the plea agreement or the stipulation. Because it's tied to count two. Right. It needs to be tied to count two. Exactly. Thank you. If Your Honors have no further questions. Thank you. Thank you. We'll give you a minute to rebut. I would just want to address a couple of things that the Court that the thing that the Supreme Court really emphasized throughout its decision in Nijewan was that the burden remains on the government to prove by clear and convincing evidence that an alien is removable as an aggravated felon. And so this burden shifting scheme isn't something, I mean, even if the alien can contest it, even the government in its supplemental brief recognized that Mrs. Kawashima disputed the amount of loss just simply by saying it's not been proven. Mrs. Kawashima didn't come forward with any other documents. And the government recognized in its supplemental brief under arguing against remand, in its brief, that that was sufficient as a disputation of the amount of loss. And number two, just to address one of the things that government counsel stated, Mr. Mahfouz is not arguing that he's not obligated to, for all of the losses that may have resulted as part of this conspiracy. He is saying that even he could have admitted to one overt act and his co-defendant could have admitted to one overt act. And they, both of them could have been convicted. It wasn't that he needed to admit to, Mr. Mahfouz needed to admit to one covert act, and his co-defendant needed to admit to one overt act, the rest of the overt acts. Some of these just never even needed to be proven by the government. They are simply allegations. They were just simply alleged overt acts. And there's nothing in the documents to state that the government proved that the defendant admitted or stipulated to committing these overt acts or that the court found that he had committed these overt acts because the government didn't come forward with enough documents in this case to prove by clear and convincing evidence that the petitioner had been convicted of an aggravated felony. Could you have a conspiracy without any overt acts? No. So if he pleads guilty to a conspiracy, isn't that per se? I think it would be a dangerous thing to say that if he pleads guilty to a conspiracy, that the government, that all of the acts that the government has alleged in support of that conspiracy were suddenly, that he suddenly had admitted to them. But if those acts had been proven? There's nothing in the documents to say, in these documents to support that finding, that all of the acts were proven. He had a lawyer then, didn't he? Yes, I believe so. Did you check all that out? I apologize? Did you check that out? I have had discussions with his attorney. But again, it's just simply not the petitioner's burden to prove that he wasn't convicted of an aggravated felony. It is the government's burden to prove by clear and convincing evidence that he was convicted of an aggravated felony. And assumptions such as that he has admitted to all of these overt acts when it's just not supported by the record is just a danger. It's dangerous to call those assumptions clear and convincing evidence and using phrases like reasonable. Well, I mean, he pled guilty to it, didn't he? He pled guilty to committing conspiracy. Conspiracy, count two. Well, count two is conspiracy, but he didn't necessarily. But it had the overt acts on it. It alleged some overt acts. It alleged, sure, alleged conspiracy too. It does allege overt acts, but there's nothing in the record to say that he had ever admitted to all of them. He just seems to be that attorney that just dropped the ball. Well, unfortunately, this was the year 2000 when things weren't as well known by defense attorneys. But I would also caution the Court to – They knew as much as they know now. Indeed. And I would just say to the Court in closing that finding that a reasonable reliance on certain documents by the Board constitutes clear and convincing evidence would thwart the clear and convincing evidence standards set forth by Congress. Thank you very much. Thank you very much. The matter will be submitted.
judges: Pregerson, Nelson D. W., Ikuta